UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T WEST DISABILITY BENEFITS PROGRAM, et al.,<br><br>    Defendants. | Case No.  12-cv-06318-WHO<br><br>**ORDER RE OBJECTIONS TO ABSTRACTS OF JUDGMENT**<br><br>Re: Dkt. Nos. 81, 82, 83 |

## INTRODUCTION

Following entry of a judgment in her favor for improperly terminated long-term disability benefits and an award of attorney's fees, plaintiff filed three abstracts of judgment in this case. Dkt Nos. 81-83. Defendant AT&T Umbrella Benefit Plan (Plan) objects to the abstracts, argues that the judgment and award of attorney's fees in this case have been fully satisfied, and asks me to vacate the abstracts. Dkt. No. 84. Plaintiff admits that the payment of attorney's fees has been made – which was the subject of two of the abstracts – but contends that the Plan improperly withheld income tax from the check it paid to plaintiff and, therefore, that the Plan has not fully satisfied the judgment. Dkt. No. 86, 88. I find that the Plan was entitled to withhold the income taxes at issue and that the judgment in this case has been fully satisfied.

## BACKGROUND

In 2009, plaintiff Diana James became disabled during work and applied for long-term disability benefits available to her under defendant AT&T Umbrella Benefit Plan No. 1 ("Plan"). Compl. ¶¶ 3, 4. The Plan is self-insured by AT&T. Declaration of John D. Adkins ¶ 2 (Dkt. No. 36). The long-term disability program covered by the Plan is entirely paid for by AT&T. AR 807. The long-term disability (LTD) program treats LTD payments as taxable income. AR 822.

The Plan denied benefits to James and James sued the Plan and defendant AT&T West

Disability Benefits Program ("Program") to recover the benefits. Compl. ¶ 4, pg. 3. On July 18, 2014, I ruled in favor of James, finding that the Plan abused its discretion under the Employee Retirement Income Security Act ("ERISA"). Order on Cross Mots. For Summ. J. 44 (Dkt. No. 55). Subsequently, I entered a judgment awarding James $55,861.69 in long-term disability benefits with prejudgment interest. Dkt. No. 69.

On August 27, 2014, the Plan paid James $32,546.13 to cover both the owed benefits and the interest. Ex. A to Decl. of Rebecca K. Kimura ("Kimura Decl.") ¶ 2 (Dkt. No. 85-1). The gross amount of the payment was, consistent with the judgment and award of interest, $56,161.69, but the Plan withheld $23,315.56 for tax purposes, making the net payment $32,546.13.[1] *Id.*; *see also* Abstract of Judgment (Dkt. No. 83). On December 22, 2014, I awarded plaintiff $181,962.70 in attorney's fees.

In early 2015, James filed three abstracts of judgment; the first covering the award of attorney's fees ($181,962.70), Dkt. No. 81; the second covering the award of attorney's fees as well as the $23,315.56 plaintiff claims is still outstanding on the judgment, Dkt. No. 82; and a third covering only the $23,315.56 plaintiff believes is outstanding on the judgment. Dkt. No. 83.[2] *Id.* James seeks either to recover the $23,315.56 that was withheld or, in the alternative, to compel the Plan to recalculate the benefit withholding to a lower amount pursuant to the W-4 form James provided to the Plan on October 5, 2014. *Id.*; Ex. 2 to Padway Decl. ¶ 3 (Dkt. No. 86-3).

**LEGAL STANDARD**

Under 26 U.S.C. § 104(a), gross income includes amounts received through "accident or health insurance . . . for personal injuries or sickness" where "such amounts (A) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (B) are paid by the employer." *See also* 26 U.S.C. § 105(a) ("amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross

---

[1] The Plan withheld $17,263.22 for federal taxes and $6,352.34 for state taxes. *Id.*
[2] The Plan claims that James also filed a fourth abstract in state court. Def.'s Objections 3; Reply 4. The parties agree that the attorney's fee award has been satisfied. Dkt. Nos. 87, 88. Plaintiff also admits that the second abstract, Dkt. No. 82, was duplicative. Pl. Oppo. at 3. Therefore, the only abstract/question that is at issue is the satisfaction of the judgment and whether withholding the $23,315.56 was appropriate.

income to the extent such amounts (1) are attributable to contributions by the employer which were not included in the gross income or the employee, or (2) are paid by the employer."). Under 26 C.F.R. § 31.3401(a)-1(a)(8) amounts paid under accident or health plans are considered wages and income tax withholding is mandatory for payments attributable to employer contributions under 26 U.S.C. § 105(a). That regulation also recognizes that "third party payments" of sick pay, are not wages for purposes of that section, but that payments made by an agent of the employer are considered wages and subject to withholding. 26 C.F.R. § 31.3401(a)-1(a)(8) & (b)(1)-(2).[3] Employers include persons "having control of the payments" of wages (26 U.S.C. § 3401(d)) and trusts who pay wages where the person for whom work services were performed "has no legal control over the payment of such wages." 26 C.F.R. § 31.3401(d)-1(f). Finally, the determining factor whether a third party is an agent of the employer is whether the third-party bears an insurance risk. 26 C.F.R. § 31.3401(a)-1(b)(1).[4]

## DISCUSSION

Here, there is no dispute that the Plan is both self-insured and that the LTD coverage was paid for by the employer. Adkins Decl. ¶ 2; AR 807. Therefore, this is not a case where a third-party – like an insurance company – is being paid an insurance premium to provide employees LTD coverage and withholding is at the option of the beneficiary. *But see* 26 C.F.R. §§ 31.3401(a)-1(a)(8) & (b)(1); 26 U.S.C. § 3402(o). Instead, this is a situation where the Plan – as either the employer or as the agent of the employer – is making that payment. 26 C.F.R. § 31.3401(d)-1(f); 26 C.F.R. § 31.3401(a)-1.[5] The LTD payments, therefore, are wages subject to

---

[3] For "sick pay" payments made by third-parties, the provisions of 26 U.S.C. § 3402(c) govern. *See* 26 C.F.R. § 31.3401(a)-1(a)(8).
[4] "If the third party bears no insurance risk and is reimbursed on a cost plus fee basis, the third party is an agent of the employer even if the third party is responsible for making determinations of the eligibility of individual employees of the employer for sick pay payments. If the third party is paid an insurance premium and not reimbursed on a cost plus fee basis, the third party is not an agent of the employer, but the third party is a payor of third party sick pay for purposes of voluntary withholding from sick pay under sections 3402(o)." 26 C.F.R. § 31.3401(a)-1(b)(1).
[5] Because the employer paid for the LTD coverage, the LTD payments could also be considered "attributable to contributions of the employer which were not includible in the gross income of the employee" and therefore considered as gross income subject to mandatory withholding. 26 U.S.C. 105(a); 26 C.F.R. § 31.3401(a)-1(a)(8). Plaintiff does not dispute that AT&T's contributions to the Plan were not includible in her gross income.

mandatory withholding. 26 C.F.R. § 31.3401(a)-1(a)(8).

The fact that the judgment did not specifically allow the Plan to withhold income tax does not change this analysis. The only case relied on by plaintiff for this proposition, *Redfield v. Ins. Co. of N. Am.*, 940 F.2d 542, 548 (9th Cir. 1991), simply held that a judgment in an Age Discrimination and Employment Act case was properly considered tort-like damages exempt from gross income (and withholding). Not only was that case superseded on its merits by *Comm'r v. Schleier*, 515 U.S. 323 (1995), it did not address whether a judgment is satisfied where taxes are withheld from the amount of a judgment awarded by a court.

## CONCLUSION

For the foregoing reasons, I find that the judgment of $55,861.69 in long-term disability benefits with prejudgment interest has been fully satisfied. While the Plan asks that the abstracts of judgment be VACATED, because the docket in this case is now clear that the judgment and award of attorney's fees have been satisfied, that request is DENIED as moot.[6]

**IT IS SO ORDERED**.

Dated: March 13, 2015

WILLIAM H. ORRICK
United States District Judge

---

[6] I note that there is no evidence that plaintiff has recorded the abstracts of judgment with any county. If plaintiff has, and has not notified or does not notify those counties of the satisfaction of the judgment, the Plan may invoke the remedies provided by California Code of Civil Procedure § 724.050.